The STATE of Oklahoma, Petitioner,

v.

Stan C. CHATMAN, District Judge,
Canadian County, Oklahoma,
Respondent.

No. P–83–524.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1983.

### ORDER GRANTING WRIT OF MANDAMUS

The District Attorney of Canadian County seeks a writ of mandamus from this Court directing the Honorable Stan C. Chatman, District Judge, to proceed with resentencing in the case of *State v. Steven Keith Hatch,* a/k/a Steve Lisenbee, CRF–79–302 and CRF–79–303, in accordance with the directive of this Court in *Hatch v. State,* 662 P.2d 1377 (Okl.Cr.1983).

In *Hatch,* this Court ordered reconsideration of the death sentences imposed in these cases in light of *Enmund v. Florida,* —— U.S. ——, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). We stated:

> [I]n light of *Enmund,* we deem it necessary for the sentence to give greater attention to the evidence concerning the appellant Hatch's individual participation and intent in the events which culminated in the murder/shootings.
>
> Thus, we vacate the sentences of death and remand the cases to the Canadian County District Court for resentencing not inconsistent with *Enmund v. Florida,* supra, and this opinion.

*Hatch,* 662 P.2d at 1383.

On remand, the Honorable Judge Chatman issued an order on the 25th day of

August, 1983, expressing his belief that he was without legal authority to impose any sentence but life imprisonment in these cases on resentencing. This belief was based on a perceived conflict between our order remanding for resentencing and a previous decision of this Court.

However, at the hearing before this Court on the petition for writ of mandamus, counsel for the respondent conceded that remand was proper, but argued that under the circumstances of this case full resentencing is impractical. He points to the untimely death of the original trial judge who conducted the non-jury trial and complains that resentencing would have to be conducted by a different judge who did not have the benefit of viewing the witnesses during the first, or guilt, stage of this case. He also suggests that each of those witnesses who testified in the guilt stage would have to be recalled at the sentencing hearing, but that many of the witnesses may not be available at this time. Counsel appears to argue that life imprisonment is the only proper sentence.

■ These contentions are not persuasive. The first supposes that the transcript of the testimony at the guilt stage of trial will be used in the resentencing hearing as a matter of course. However, the sentencing proceeding in a capital case is governed by the rules of evidence, *Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980), which condition the use of prior testimony on a showing of necessity arising out of the unavailability of the witness. See 12 O.S.1981, § 2804(B)(1). Thus, any use of the transcript will be justified by necessity under traditional rules of evidence.

■ [We have previously held that the evidence in the guilt stage may be considered at the sentencing stage as showing the circumstances of the offense, thus bearing some relevance to the sentencing decision. *Parks v. State,* 651 P.2d 686 (Okl.Cr. 1982). We have approved the submission of the first stage testimony for that purpose by the expedient of an instruction to the jury, without formal resubmission at the second stage. Id., at 694. This result may be justified by considerations of economy where the sentencing hearing is conducted "as soon as practicable" after the guilt stage. 21 O.S.1981, § 701.10. Such considerations do not apply in the instant context, where the guilt stage and the resentencing hearing are necessarily separated by considerable time, and the judge conducting the resentencing hearing was not the trier of fact at the guilt proceeding.]

■ Moreover, the danger of lost witnesses is present whenever an appeal results in a remand for further proceedings. The unfortunate death of the esteemed trial judge who conducted the original proceedings in this case should not result in a windfall for the appellant by preventing an otherwise proper redetermination of sentence.

Accordingly, we assume original jurisdiction and direct the respondent to conduct a new sentencing proceeding in accordance with 21 O.S.1981, § 701.10 and the directive of this Court in *Hatch v. State,* supra and make findings of fact and conclusions of law.

SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 17th day of October, 1983.

HEZ J. BUSSEY, P.J.
TOM R. CORNISH, J.
TOM BRETT, J.